

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 13, 1949

Hon. Nathan M. Holt      Opinion No. V-900.
County Attorney
Panola County           Re: The legality of Panola County
Carthage, Texas              entering into a lease agree-
                             ment with private citizens for
                             airport facilities.

Dear Sir:

Your request for an opinion is in part as follows:

"It is requested that your office render
an opinion on the legality of Panola County,
Texas entering into a lease agreement with
private citizens for airport facilities in the
restricted manner evidenced by the enclosed
contract and further whether they can enter
into a lease agreement for airport facilities
under any terms, and related matters."

It was held in Attorney General's Opinion No.
O-4972 that there was no provision in the statutes of
this State which would authorize a county to acquire
land for an airport by lease from an individual. Sub-
sequent to this Opinion, H.B. 334, Acts of the 50th Leg-
islature, 1947, Chapter 114, page 183 (Article 46d-1--
46d-22, V.C.S.), was enacted.

Article 46d-1 provides:

"As used in this Act, unless the text
otherwise requires.

"   . . .

"(d)  'Municipality' means any county, or
any incorporated city, village or town of this
State.  'Municipal' means pertaining to a mu-
nicipality as herein defined."

Article 46d-2 provides:

"(a)  Establishment, Operation, Land Ac-
quisition.  Every municipality is authorized

out of any appropriations or other moneys
made available for such purposes, to plan, es-
tablish, develop, construct, enlarge, improve,
maintain, equip, operate, regulate, protect
and police airports and air navigation facil-
ities, either within or without the territor-
ial limits of such municipality and within or
without the territorial boundaries of this
State, including the construction, installa-
tion, equipment, maintenance and operation at
such airports of buildings and other facili-
ties for the servicing of aircraft or for the
comfort and accommodation of air travelers,
and the purchase and sale of supplies, goods
and commodities as an incident to the opera-
tion of its airport properties. For such pur-
poses the municipality may use any available
property that it may now or hereafter own or
control and may, by purchase, gift, devise,
lease, eminent domain proceedings or other-
wise, acquire property, real or personal, or
any interest therein including easements in
airport hazards or land outside the boundar-
ies of an airport or airport site, as are nec-
essary to permit safe and efficient operation
of the airport or to permit the removal,
elimination, obstruction--marking of obstruc-
tion--lighting of airport hazards or to pre-
vent the establishment of airport hazards.

"(b) Acquisition of Existing Airports.
The municipality may by purchase, gift, de-
vise, lease, proceedings or otherwise, acquire
existing airports and air navigation facili-
ties, provided however it shall not acquire or
take over any airport or air navigation facil-
ity owned or controlled by another municipality
or public agency of this or any other State
without the consent of such municipality or
public agency."

Under the provisions of Article 46d-2 Panola
County, acting by and through its Commissioners' Court,
has the express authority to lease existing airport
facilities from private citizens or individuals.

The Commissioners' Court, acting under this
authority, leased from W. C. Martin of Panola County
the surface of ninety acres of land for the purpose of

airport landing strips and facilities only. You have pointed out certain objections to the contract, such as the restricted control of the improvements and alleged lack of present benefit to the county. All of this goes to the merits of the contract rather than its legality. The terms of the particular contract are subject to the discretion of the Commissioners' Court so long as they are within the general authority of the statute.

In view of Article 46d-2, it is our opinion that the Commissioners' Court of Panola County acted within its statutory authority when it entered into the lease contract above referred to.

<u>SUMMARY</u>

The Commissioners' Court of Panola County has authority to lease from individuals existing airport facilities. Article 46d-2, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    John Reeves
      John Reeves
      Assistant

JR:bh

APPROVED

Price Daniel
ATTORNEY GENERAL